IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| RAYNALDO CASTRO AND | § | |
| LORRAINE CASTRO, | § | |
| INDIVIDUALLY AND ON BEHALF | § | |
| OF THE ESTATE OF PAUL WAYNE | § | |
| CASTRO | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | No. 2:20-CV-0033 |
| | § | |
| GEO REENTRY, INC., JOSEPH | § | |
| PAETZOLD AND CHRISTOPHER | § | |
| MARTINEZ | § | |
| *Defendants* | § | |

## NOTICE OF REMOVAL TO FEDERAL COURT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES The GEO Group, Inc., Defendant in the above styled and numbered cause, and files this Notice of Removal.  As grounds for removal, Defendant respectfully shows the following:

1.     The GEO Group, Inc. is a Defendant in a civil action pending in the 63rd Judicial District Court, Val Verde County, Texas, styled *Raynaldo Castro and Lorraine Castro, Individually and on Behalf of the Estate of Paul Wayne Castro v. The GEO Group, Inc., Joseph Paetzold and Christopher Martinez,* Cause No. 2020-0051-CIV, which was filed in that court on March 17, 2020. The Defendants are the company that manages the Val Verde Correctional Facility and two of its employees. The Plaintiffs allege that the Defendants were negligent and "acted under color of a statute, ordinance, regulation,

custom or usage of the State of Texas or the United States of America" in failing to prevent the suicide death of Paul Wayne Castro, a federal detainee in the Val Verde Correctional Facility and seek damages in excess of $1,000,000.00.

2.     Removal is proper under 28 U.S.C. §§ 1331 and 1441(a) because Plaintiff's suit involves a federal question.

3.     In addition, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Plaintiffs are citizens of the State of Texas, and The GEO Group, Inc. is a citizen of the State of Florida, the state in which it is incorporated and in which it has its principle place of business. Accordingly, removal is also proper under 28 U.S.C. § 1441(b).

4.     Pursuant to 28 U.S.C. § 1446(a), attached hereto are copies of all process, pleadings and the orders served upon Defendant in the state court proceeding. (Exhibit A). Included is an index of all documents (current as of April 20, 2020) clearly identifying each document filed in the state court along with the date it was filed; i.e., a copy of the docket sheet in the state court action. The only document not represented on the docket sheet is the Defendants' answer, which is attached hereto.

5.     The action was commenced on March 17, 2020.  Defendant was served on March 24.

6.     This notice of removal is timely under 28 U.S.C. § 1446(b) because the removal is within thirty (30) days after defendant first received a copy of a paper from which it could first ascertain that the case is one which is or has become removable. *Murphy*

*Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) (Removal deadline runs from date of service); *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) (same).

7.      The district courts of the United States have original jurisdiction over this action based on the pleading of a federal question and complete diversity of citizenship between the parties, in that every properly joined defendant is now, and was at the time the action was commenced, diverse in citizenship from every plaintiff.  Plaintiffs are citizens of Texas. Defendant, The GEO Group, Inc., is, and was at the time the suit was commenced, a citizen of the State of Florida, the state in which it is incorporated and in which it has its principle place of business. Defendants Paetzold and Martinez are citizens of the State of Texas, but their citizenship must be ignored because their joinder is fraudulent as that term is applied in this Circuit. Accordingly, none of the properly joined defendants is a citizen of the State of Texas, and the parties are completely diverse.  Plaintiff's petition, attached, asserts a claim against Defendant in excess of $75,000.00, exclusive of interest and costs; therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

6.      Venue is proper in the United States District Court, Western District of Texas, Del Rio Division, as the district and division embracing the place where the state action is pending. 28 U.S.C. §§ 1441(a), 1446(a).

8.      Pursuant to 28 U.S.C. § 1446(d), Defendant intends to serve written notice of this removal upon all interested and adverse parties and upon the Clerk of the Court for the

63rd Judicial District Court of the State of Texas, Val Verde County, Texas, promptly after filing this Notice of Removal.

9.      Defendants Paetzold and Martinez, though not properly joined and served, consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A).

WHEREFORE, PREMISES CONSIDERED, The GEO Group, Inc., Defendant in this action, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes the case styled *Raynaldo Castro and Lorraine Castro, Individually and on Behalf of the Estate of Paul Wayne Castro v. The GEO Group, Inc., Joseph Paetzold and Christopher Martinez,* Cause No. 2020-0051-CIV in the 63rd Judicial District Court, Val Verde County, Texas, on this 23rd day of April, 2020.

Respectfully Submitted,

_____
SHAWN FITZPATRICK
State Bar No. 00787474
FITZPATRICK & KOSANOVICH, P.C.
P.O. Box 831121
San Antonio, Texas 78283
(210) 408-6793
skf @ fitzkoslaw.com
*ATTORNEY FOR DEFENDANTS THE GEO GROUP, INC., JOSEPH PAETZOLD, AND CHRISTOPHER MARTINEZ*

## **CERTIFICATE OF SERVICE**

I hereby certify service of a true and correct copy of the foregoing instrument on the following interested person(s) on April 23, 2020, via email and/or this Court's electronic filing and notification system, as well as the electronic filing and service system used by the 63rd Judicial District Court, Val Verde County, Texas:

Thomas C. Hall



_____
SHAWN FITZPATRICK

_____
Notice of Removal
*Castro v. The GEO Group, Inc.*
Page 5

# Exhibit A

Date Printed: Mon Apr 20 15:42:41 CDT 2020

# Case Summary

Cause Number: 2020-0051-CIV                          Last Filed:03/17/2020

Style: RAYNALDO CASTRO AND LORRAINE CASTRO, INDIVIDUALLY AND ON BEHALF OF
PAUL WAYNE CASTRO VS THE GEO GROUP, JOSEPH PAETZOLD AND  CHRISTOPHER
MARTINEZ

Case Type: Injury or Damage: Other

Category: Civil                          Court: 63rd District Court

## Party(s) of Case: 2020-0051-CIV

| #  | Party     | Name               | Inactive Date |
|----|-----------|--------------------|---------------|
| 1. | Attorney  | HALL,THOMAS C.     |               |
| 2. | Defendant | MARTINEZ,CHRISTOPHER |             |
| 3. | Defendant | PAETZOLD,JOSEPH    |               |
| 4. | Defendant | THE GEO GROUP INC, |               |
| 5. | Plaintiff | CASTRO,LORRAINE    |               |
| 6. | Plaintiff | CASTRO,PAUL WAYNE  |               |
| 7. | Plaintiff | CASTRO,RAYNALDO    |               |

No Court Setting Data Found

## Event(s) of Case: 2020-0051-CIV

| #  | Type            | Date/Time  | Description                                                                                                                          |
|----|-----------------|------------|------------------------------------------------------------------------------------------------------------------------------------|
| 1. | SHERIFFS RETURN | 04/03/2020 | SHERIFFS RETURN: CHRISTOPHER MARTINEZ (SRVD) 3/27/20 - EFiled on 04/03/2020. Submitted by KTA Process Service Department (Process_eFile@KTandA.com) |
| 2. | SHERIFFS RETURN | 04/03/2020 | RTN OF SERVICE: JOSEPH PAETZOLD (SRVD 3.27.20 @ 10:26AM - EFiled on 04/03/2020. Submitted by KTA Process Service Department (Process_eFile@KTandA.com) |
| 3. | SHERIFFS RETURN | 03/30/2020 | SHERIFFS RETURN: THE GEO GROUP (SRVD) 5/24/2020 @ 12:31 PM - EFiled on 03/30/2020. Submitted by Production Three (Production3@ktanda.com) |
| 4. | EMAIL           | 03/19/2020 | EMAIL ATTY RE: CITS                                                                                                                 |
| 5. | CITATION ISSUED | 03/19/2020 | CITATION ISSUED: CHRISTOPHER MARTINEZ (PP)                                                                                          |
| 6. | CITATION ISSUED | 03/19/2020 | CITATION ISSUED: JOSEPH PAETZOLD (PP)                                                                                               |
| 7. | CITATION ISSUED | 03/19/2020 | CITATION ISSUED: THE GEO GROUP (PP)                                                                                                 |
| 8. | REQUEST         | 03/17/2020 | CIVIL PROCESS REQUEST FORM - EFiled on 03/17/2020. Submitted by Rachelle Abelow (rachelle@tomhall-lawyer.com)                       |
| 9. | ORIGINAL PETITION | 03/17/2020 | PLTF'S ORIGINAL PETITION - EFiled on 03/17/2020. Submitted by Rachelle Abelow (rachelle@tomhall-lawyer.com)                       |

## Case Type(s) of Case: 2020-0051-CIV

| Case Type                    | Filing Date | Disposition | Disposition | Case Age |
|------------------------------|-------------|-------------|-------------|----------|
| 1. Injury or Damage: Other   | 03/17/2020  |             |             | 34 Days  |

No Child Support Data Found

## Fees Fines(s) of Case: 2020-0051-CIV

| #  | Date Due   | Fee/Fine                        | Amount    | Payment  | Current Bal | Party Responsible |
|----|------------|---------------------------------|-----------|----------|-------------|-------------------|
| 1. | 03/19/2020 | Civil Base Filing Fee 2015 District | $ 272.00 | $ 0.00   | $ 272.00    |                   |
|    |            | Totals:                         | $ 272.00  |          |             |                   |



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

The GEO Group, Inc.                                                                                    March 25, 2020
Joseph  Negron SVP & General Counsel
The GEO Group, Inc.
4955 Technology Way
Boca Raton FL 33431

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**                    | Item: 2020-190 |

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be
directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT:
All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to
SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | The GEO Group, Inc. |
| 2. | **Title of Action:** | Raynaldo Castro and Lorraine Castro, Individually and on Behalf of the Estate of Paul Wayne Castro vs. The Geo Group, Inc., et al. |
| 3. | **Document(s) Served:** | Citation Personal Service<br>Plaintiff's Original Petition<br>Request for Production to Defendants |
| 4. | **Court/Agency:** | Val Verde County 63rd Judicial District Court |
| 5. | **State Served:** | Texas |
| 6. | **Case Number:** | 2020-0051-CIV |
| 7. | **Case Type:** | Negligence/Personal Injury |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Tuesday 03/24/2020 |
| 10. | **Date to Client:** | Wednesday 03/25/2020 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | See Notes                    CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Thomas C. Hall<br>San Antonio, TX<br>210-222-2000 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 441 |
| 16. | **Notes:** | Please note the answer is due by 10:00am on the Monday next following the expiration of twenty (20) days after service. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal
counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems
that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default
judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service
of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate
Creations Network Inc.

## FOR SHERIFF'S RETURN CITATION PERSONAL SERVICE

**THE STATE OF TEXAS:**      Cause No. **2020-0051-CIV**      *Delivered* *3/24/20*

| | |
|---|---|
| RAYNALDO CASTRO AND LORRAINE CASTRO, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF PAUL WAYNE CASTRO | § § § § |
| VS | § § *IN THE DISTRICT COURT* |
| THE GEO GROUP, INC., JOSEPH PAETZOLD AND CHRISTOPHER MARTINEZ | § § § **63RD JUDICIAL DISTRICT** |

IN THE DISTRICT COURT

63RD JUDICIAL DISTRICT

VAL VERDE COUNTY, TEXAS

*M.M. PSC #9156*

TO: <u>THE GEO GROUP, INC, BY SERVING ITS AGENT, CORPORATE CREATIONS NETWORK, INC., 5444 Westheimer #1000, Houston, Harris County, Texas 77056;</u> Defendant - GREETINGS

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."**

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable <u>63rd Judicial District</u> Court of Val Verde County, at the Courthouse, <u>100 E. Broadway, **2nd Floor**</u>, in said County in Del Rio, Texas. Said Plaintiff's Original Petition was filed in said court on the <u>17th</u> day of <u>March</u>, 2020 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Del Rio, Texas this <u>19th</u> day of <u>March</u>, 2020.

| Attorney for Plaintiff (or Plaintiff): | Clerk of the Court: |
|---|---|
| Thomas C. Hall | **JO ANN CERVANTES, DISTRICT CLERK** |
| Thomas C. Hall, P.C. | 63rd & 83rd District Courts |
| 110 Broadway, Suite 550 | Val Verde County, Texas |
| San Antonio, Texas 78205 | P.O. Box 1544, Del Rio, Texas 78841-1544 |
| | By: _____ |
| | Deputy |

### OFFICER'S RETURN

Came to hand on the _____ day of _____ 2020 at _____ o'clock ___ M and executed by delivering to defendant _____ in person, a true copy of this citation with a copy of the petition attached thereto on the _____ day of _____ at _____ o'clock ___ M at _____ _____ in _____ County, Texas.

[ ] Not executed. The diligence use in finding defendant being_____

[ ] Information received as to the whereabouts of defendant being _____

Fees ........... $_____

Sheriff/Constable

_____ County, Texas

Service I.D. No. _____      By: _____

Deputy/Authorized Person

### VERIFICATION

    On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Val Verde County Courts to serve process.

    Subscribed and sworn before me on this the _____ day of _____, 2020.

_____, Notary Public

Filed 3/17/2020 1:50 PM
Jo Ann Cervantes, District Clerk
Val Verde County, Texas
Mary Ross

NO. ___**2020-0051-CIV**___

| | | |
|---|---|---|
| RAYNALDO CASTRO AND LORRAINE CASTRO, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF PAUL WAYNE CASTRO | § § § § § | IN THE DISTRICT COURT |
| | § | **63RD** __ JUDICIAL DISTRICT |
| VS. | § § § | |
| THE GEO GROUP, INC., JOSEPH PAETZOLD AND CHRISTOPHER MARTINEZ | § § § | VAL VERDE COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

### I.

NOW COME Plaintiffs Raynaldo Castro and Lorraine Castro, Individually and on Behalf of the Estate of Paul Wayne Castro ("Plaintiffs, hereinafter), complaining of Defendants, The GEO Group Inc. ("GEO" hereinafter), Joseph Paetzold and Christopher Martinez. It is anticipated that the discovery in this case will proceed pursuant to Level 3 of the Texas Rules of Civil Procedure, Rule 190.4.

### II.

Venue is appropriate in this court as all the events complained of herein took place in Val Verde County, Texas.

Defendant, The GEO Group, Inc, may be served with process by serving its registered agent, Corporate Creations Network, Inc., 5444 Westheimer # 1000, Houston, TX 77056, by private process.

Defendant, Joseph Paetzold, may be served with process at his place of employment, Val Verde Correctional Facility, 253 FM 2523 Hamilton Ln., Del Rio, TX 78840, by private process.

Defendant, Christopher Martinez, may be served with process at his place of employment, Val Verde Correctional Facility, 253 FM 2523 Hamilton Ln., Del Rio, TX 78840, by private process.

### III.

At all relevant times, Paul Wayne Castro was incarcerated at the Val Verde Correctional Facility operated by the Defendant The GEO Group, Inc. Shortly after midnight, on March 11, 2019, Mr. Castro was found hanging in his jail cell, unresponsive. He was taken to Val Verde Regional Medical Center, where he was placed on life support, and subsequently died. Defendant Christopher Martinez was at all times warden of Val Verde Correctional Facility, and responsible for the training and supervision of employees.

### IV.

Plaintiffs would demonstrate that the Defendants acted under color of a statute, ordinance, regulation, custom or usage of the State of Texas or the United States of America. Plaintiffs would demonstrate that the Decedent had a history of suicidal ideation and had previously attempted suicide, which was known to employees of the Defendant. The Decedent specifically indicated to employees of the Defendant GEO shortly before his death, that he intended to hurt himself, and no precaution were put in place to address that possibility. In addition, Plaintiffs would demonstrate that the Defendant GEO was negligent in failing to train its employees in addressing medical needs for suicidal detainees.

### V.

Plaintiffs bring this suit alleging negligence against the Defendants. Paul Wayne Castro was in the care and custody of the Val Verde Correctional Facility, owned and operated by the Defendant, GEO. GEO had overall management of the

jail, and responsibility for the day to day operations. Paul Wayne Castro was found dead while supposedly being monitored by GEO and its personnel, and his death was caused by specific breaches of duty by Defendant GEO. Specifically, an employee of GEO, Joseph Paetzold, noticed that the lens on the camera monitoring Castro was blurry, but did nothing to correct it. Defendant Paetzold was uncertain if Castro was on suicide watch or not, an act of negligence unto itself, indicating negligent supervision, training and instruction. He also noticed Castro standing on the toilet looking at the air vent, foreseeably suicide preparation. An officer observed Castro in his cell with a sheet around his neck, clearly foreseeably suicide preparation. Later, Castro was found hanging by a sheet around his neck.

## VI.

Plaintiffs herein would demonstrate that the Defendants were negligent in various regards, which negligence was a proximate cause of the occurrence in question, and Plaintiffs' injuries and damages in an amount in excess of the minimum jurisdiction of the Court, and in excess of $1,000,000.00 as follows:

    a.    In failing to properly monitor Paul Wayne Castro;

    b.    In failing to clean the lens in question; and

    c.    In failing to timely intervene in Paul Wayne Castro's suicide attempt.

## VII.

This cause of actions is brought on behalf of the Plaintiffs, Raynaldo and Lorraine Castro, under Section 71.021 of the Texas Civil Practice and Remedies Code, more commonly referred to as the "Survival Statute," for the conscious physical pain and mental anguish suffered by the Decedent during the period of

time he lived following the accident; for the reasonable amount of expenses for the funeral and burial of Paul Wayne Castro; and for the loss of enjoyment of life which he would have had, except for the statutory violations and negligent conduct of Defendants herein.

This cause of action is also brought under Section 71.002 et. seq. of the Texas Civil Practice and Remedies Code, more commonly referred to as the "Wrongful Death Act" to recover on behalf of all of the statutory beneficiaries of Paul Wayne Castro as set forth in Section 71.004.

The Plaintiffs, on Behalf of the Estate of Paul Wayne Castro, are entitled to the following legal damages because of the death of Paul Wayne Castro:

a.  Conscious pain and suffering experienced prior to his death;

b.  Mental anguish experienced prior to his death;

c.  Medical expenses; and

d.  Funeral and burial expenses.

All of the above enumerated damages were proximately caused by the negligence of the Defendants and/or their servants, representatives, agents and/or employees, acting within the course and scope of their employment and/or agency. Based on the foregoing, all of the Plaintiffs plead for an amount of actual damages which the jury deems reasonable under the circumstances, which is in excess of the minimum jurisdictional limits of this Court.

Plaintiffs, Raynaldo and Lorraine Castro are entitled to at least the following legal damages as a result of the conduct of the Defendants:

a.  Loss of consortium, love, affection, companionship, society, support, counsel, guidance and contributions suffered, in the past, as a result of the death of their son;

b.  Loss of consortium, love, affection, society, support, counsel, guidance and contributions that, in reasonable probability, will be suffered in the future as a result of the death of their son;

c.  The grief, bereavement, emotional pain, mental anguish, torment and suffering experienced, in the past, because of the death of their son; and

d.  The grief, bereavement, emotional pain, mental anguish, torment and suffering, in reasonable probability, they will suffer in the future as a result of the death of their son.

Each of the foregoing items of damage are in excess of the minimum jurisdictional limits of the Court.

## VIII.

### Request for Production

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiffs hereby request that Defendants respond to the Request for Production, attached hereto as Exhibit "A", within fifty (50) days of service of this Request and Petition.

## IX.

### Jury Demand

Plaintiffs demand a trial by jury and have tendered the appropriate fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that citation and notice issue in accordance with the law; that Plaintiffs recover their actual damages; that Plaintiffs recover costs of this proceeding; that Plaintiffs recover prejudgment and postjudgment interest at the maximum rates and in the greatest amounts permissible under law; and that Plaintiffs have such other and further relief to which they may be justly entitled.

Respectfully submitted,

THOMAS C. HALL, P.C.


By:

*/s/ Thomas C. Hall*
_____
Thomas C. Hall
110 Broadway, Suite 550
San Antonio, TX  78205
State Bar #:  08774550
Facsimile:  210/222-1156
Email: hall@tomhall-lawyer.com and
rachelle@tomhall-lawyer.com
Telephone: 210/222-2000
**ATTORNEYS FOR PLAINTIFFS**

NO. _____

| | |
|---|---|
| RAYNALDO CASTRO AND LORRAINE CASTRO, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF PAUL WAYNE CASTRO | § § § § IN THE DISTRICT COURT |
| VS. | § _____ JUDICIAL DISTRICT § § |
| THE GEO GROUP, INC., JOSEPH PAETZOLD AND CHRISTOPHER MARTINEZ | § § § § VAL VERDE COUNTY, TEXAS |

## **REQUEST FOR PRODUCTION TO DEFENDANTS**

TO:   DEFENDANTS, BY AND THROUGH THEIR ATTORNEYS OF RECORD.

Pursuant to the Texas Rules of Civil Procedure, Rule 196, Plaintiffs hereby serve this Request for Production upon the Defendants herein.  The party upon whom this Request for Production is served shall serve a written response as to each item within fifty (50) days after receipt of this Request for Production.  If Defendant feels as though any of the items sought to be produced are privileged, then this Request for Production would serve as a conditional request that such items be tendered to the Court within the time period set out in the Texas Rules of Civil Procedure for purposes of in camera inspection to determine the applicability of any such privilege.

As used herein "documents" shall mean the originals and all non-identical copies of the following items, which include, but are not limited to, matters which are printed, or recorded, or produced, by any mechanical process, or written or produced by hand, namely:   all correspondence, agreements, contracts, invoices, checks, check stubs, statements, receipts, communications, telegrams, memoranda, warranty agreements, purchase orders, design and manufacturer specifications, summaries or records of personal conversations or interviews, computations, reports, marginal comments appearing on any documents and any and all other writings and data compilations, regardless of their nature, including work papers, cost analyses, contractor bids, experts' reports and any written or printed reproduction however produced or reproduced including every copy which is a non-identical reproduction of the original, or any copy which contains any

## EXHIBIT "A"

commentary, marginal comments or notations whatsoever that do not appear in the original.

As used herein "Person" means a natural persons, corporations, partnerships, proprietorships, unions, associations, and any and all entities.

If used herein "You" shall mean the party to whom these Questions or Requests are directed as well as any other persons acting for you.

You are required to produce any document or tangible thing requested herein that is within your possession, custody or control within fifty (50) days of the receipt of this Request.  Possession, custody or control includes constructive possession such that you need not have actual physical possession.  As long as you have a superior right to compel the production from a third-party (including an agency, authority or representative), you have possession, custody or control.

You are instructed that, in the event that you know that your response herein was incorrect or incomplete when made, or you know that the response thought correct and complete when made is no longer true and correct and the circumstances are such that failure to amend your response is in substance misleading, you must supplement your responses herein not less than thirty (30) days prior to the beginning of any trial herein.

Respectfully submitted,

THOMAS C. HALL, P.C.

By: _____
/s/ Thomas C. Hall

Thomas C. Hall
110 Broadway, Suite 550
San Antonio, TX  78205
State Bar #:  08774550
Facsimile:  210/222-1156
Email: hall@tomhall-lawyer.com and
rachelle@tomhall-lawyer.com
Telephone: 210/222-2000
**ATTORNEYS FOR PLAINTIFFS**

## Plaintiffs request that the following items be produced:

1.   The GEO Group, Inc.'s systemwide/corporate documents, and also Val Verde Correctional Facility specific documents, concerning suicide prevention policy and procedures (past, the one that was current during the time of the suicide, and most current, if any revisions).

**RESPONSE:**

2.   Job descriptions for health care, mental health care, and health care administrators at Val Verde Correctional Facility.

**RESPONSE:**

3.   Staffing ratios and occupied versus vacant/vacancies for correctional and health care staff at Val Verde Correctional Facility.

**RESPONSE:**

4.   Decedent, Paul Wayne Castro's, employment records, educational records (high school etc.), social security disability, psychiatric/substance treatment and medical records.

**RESPONSE:**

5.   Copy of autopsy/coroner's report of the Deceased.

**RESPONSE:**

6.   Documents showing who were the specific medical, nursing, mental health and psychiatric staff at the facility, how many dedicated positions and how much time were they onsite, how many hours/days per week, and whether there were any FTE (full time equivalent) positions or just part time/hourly rates.

**RESPONSE:**

7. Copies of memorandum of understanding contracts with mental health and health care staff, in particular, the psychiatrist that saw Paul Wayne Castro via telepsychiatry.

**RESPONSE:**


8. Copies of any contracts with any contractors/independent contractors, who performed mental health services to Paul Wayne Castro.

**RESPONSE:**


9. Texas Jail Commission Report/findings of this suicide.

**RESPONSE:**


10. Police reports pertaining to the death of Paul Wayne Castro.

**RESPONSE:**


11. Administrative reports/reviews pertaining to this death.

**RESPONSE:**


12. Staff interviews and findings pertaining to this death.

**RESPONSE:**


13. Serious incident reviews of this case.

**RESPONSE:**


14. Psychological autopsy pertaining to this death.

**RESPONSE:**

15.    Materials in the Decendent's cell.

**RESPONSE:**

16.    Copies of phone recordings of the Decedent.

**RESPONSE:**

17.    Visitation logs pertaining to the Decedent.

**RESPONSE:**

18.    Videotapes of the suicide event and the emergency response, with regard to the captioned case.

**RESPONSE:**

MAR 2 4 2020

| FOR SHERIFF'S RETURN | **CITATION PERSONAL SERVICE** |

**THE STATE OF TEXAS:**          Cause No. 2020-6051-CIV

| RAYNALDO CASTRO AND LORRAINE CASTRO, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF PAUL WAYNE CASTRO | § § § § § § § § § § | IN THE DISTRICT COURT |
| VS | | 63RD JUDICIAL DISTRICT |
| THE GEO GROUP, INC., JOSEPH PAETZOLD AND CHRISTOPHER MARTINEZ | | VAL VERDE COUNTY, TEXAS |

TO: **CHRISTOPHER MARTINEZ, VAL VERDE CORRECTIONAL FACILITY, 253 FM 2523 Hamilton Ln., Del Rio, Val Verde County, Texas 78840**; Defendant - GREETINGS

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."**

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 63rd Judicial District Court of Val Verde County, at the Courthouse, 100 E. Broadway, 2nd Floor, in said County in Del Rio, Texas. Said Plaintiff's Original Petition was filed in said court on the 17th day of March, 2020 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Del Rio, Texas this 19th day of March, 2020.

Attorney for Plaintiff (or Plaintiff):
Thomas C. Hall
Thomas C. Hall, P.C.
110 Broadway, Suite 550
San Antonio, Texas 78205

Clerk of the Court:
JO ANN CERVANTES, DISTRICT CLERK
63rd & 83rd District Courts
Val Verde County, Texas
P.O. Box 1544, Del Rio, Texas 78841-1544

By: _Israel Prieto Jr_
Deputy

### OFFICER'S RETURN

Came to hand on the _____ day of _____ 2020 at _____ o'clock ___ M. and executed by delivering to defendant _____ in person, a true copy of this citation with a copy of the petition attached thereto on the _____ day of _____ at _____ o'clock ___ M at _____ in _____ County, Texas.

[ ] Not executed. The diligence use in finding defendant being _____

[ ] Information received as to the whereabouts of defendant being _____

Fees ............ $_____                          _____
Sheriff/Constable

                                                      _____ County, Texas
Service I.D. No. _____                By: _____
                                              Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Val Verde County Courts to serve process.

Subscribed and sworn to before me on this the _____ day of _____ 2020.

_____, Notary Public

Filed 3/17/2020 1:50 PM
Jo Ann Cervantes, District Clerk
Val Verde County, Texas
Mary Ross

NO. _____**2020-0051-CIV**_____

| | | |
|---|---|---|
| RAYNALDO CASTRO AND | § | IN THE DISTRICT COURT |
| LORRAINE CASTRO, INDIVIDUALLY | § | |
| AND ON BEHALF OF THE ESTATE OF | § | |
| PAUL WAYNE CASTRO | § | **63RD**   JUDICIAL DISTRICT |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| THE GEO GROUP, INC., | § | |
| JOSEPH PAETZOLD AND | § | |
| CHRISTOPHER MARTINEZ | § | VAL VERDE COUNTY, TEXAS |

## <u>PLAINTIFFS' ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

### I.

NOW COME Plaintiffs Raynaldo Castro and Lorraine Castro, Individually and on Behalf of the Estate of Paul Wayne Castro ("Plaintiffs, hereinafter), complaining of Defendants, The GEO Group Inc. ("GEO" hereinafter), Joseph Paetzold and Christopher Martinez. It is anticipated that the discovery in this case will proceed pursuant to Level 3 of the Texas Rules of Civil Procedure, Rule 190.4.

### II.

Venue is appropriate in this court as all the events complained of herein took place in Val Verde County, Texas.

Defendant, The GEO Group, Inc, may be served with process by serving its registered agent, Corporate Creations Network, Inc., 5444 Westheimer #1000, Houston, TX 77056, by private process.

Defendant, Joseph Paetzold, may be served with process at his place of employment, Val Verde Correctional Facility, 253 FM 2523 Hamilton Ln., Del Rio, TX 78840, by private process.

Defendant, Christopher Martinez, may be served with process at his place of employment, Val Verde Correctional Facility, 253 FM 2523 Hamilton Ln., Del Rio, TX 78840, by private process.

### III.

At all relevant times, Paul Wayne Castro was incarcerated at the Val Verde Correctional Facility operated by the Defendant The GEO Group, Inc. Shortly after midnight, on March 11, 2019, Mr. Castro was found hanging in his jail cell, unresponsive. He was taken to Val Verde Regional Medical Center, where he was placed on life support, and subsequently died. Defendant Christopher Martinez was at all times warden of Val Verde Correctional Facility, and responsible for the training and supervision of employees.

### IV.

Plaintiffs would demonstrate that the Defendants acted under color of a statute, ordinance, regulation, custom or usage of the State of Texas or the United States of America. Plaintiffs would demonstrate that the Decedent had a history of suicidal ideation and had previously attempted suicide, which was known to employees of the Defendant. The Decedent specifically indicated to employees of the Defendant GEO shortly before his death, that he intended to hurt himself, and no precaution were put in place to address that possibility. In addition, Plaintiffs would demonstrate that the Defendant GEO was negligent in failing to train its employees in addressing medical needs for suicidal detainees.

### V.

Plaintiffs bring this suit alleging negligence against the Defendants. Paul Wayne Castro was in the care and custody of the Val Verde Correctional Facility, owned and operated by the Defendant, GEO. GEO had overall management of the

jail, and responsibility for the day to day operations. Paul Wayne Castro was found dead while supposedly being monitored by GEO and its personnel, and his death was caused by specific breaches of duty by Defendant GEO. Specifically, an employee of GEO, Joseph Paetzold, noticed that the lens on the camera monitoring Castro was blurry, but did nothing to correct it. Defendant Paetzold was uncertain if Castro was on suicide watch or not, an act of negligence unto itself, indicating negligent supervision, training and instruction. He also noticed Castro standing on the toilet looking at the air vent, foreseeably suicide preparation. An officer observed Castro in his cell with a sheet around his neck, clearly foreseeably suicide preparation. Later, Castro was found hanging by a sheet around his neck.

## VI.

Plaintiffs herein would demonstrate that the Defendants were negligent in various regards, which negligence was a proximate cause of the occurrence in question, and Plaintiffs' injuries and damages in an amount in excess of the minimum jurisdiction of the Court, and in excess of $1,000,000.00 as follows:

a.   In failing to properly monitor Paul Wayne Castro;

b.   In failing to clean the lens in question; and

c.   In failing to timely intervene in Paul Wayne Castro's suicide attempt.

## VII.

This cause of actions is brought on behalf of the Plaintiffs, Raynaldo and Lorraine Castro, under Section 71.021 of the Texas Civil Practice and Remedies Code, more commonly referred to as the "Survival Statute," for the conscious physical pain and mental anguish suffered by the Decedent during the period of

time he lived following the accident; for the reasonable amount of expenses for the funeral and burial of Paul Wayne Castro; and for the loss of enjoyment of life which he would have had, except for the statutory violations and negligent conduct of Defendants herein.

This cause of action is also brought under Section 71.002 et. seq. of the Texas Civil Practice and Remedies Code, more commonly referred to as the "Wrongful Death Act" to recover on behalf of all of the statutory beneficiaries of Paul Wayne Castro as set forth in Section 71.004.

The Plaintiffs, on Behalf of the Estate of Paul Wayne Castro, are entitled to the following legal damages because of the death of Paul Wayne Castro:

a.    Conscious pain and suffering experienced prior to his death;

b.    Mental anguish experienced prior to his death;

c.    Medical expenses; and

d.    Funeral and burial expenses.

All of the above enumerated damages were proximately caused by the negligence of the Defendants and/or their servants, representatives, agents and/or employees, acting within the course and scope of their employment and/or agency. Based on the foregoing, all of the Plaintiffs plead for an amount of actual damages which the jury deems reasonable under the circumstances, which is in excess of the minimum jurisdictional limits of this Court.

Plaintiffs, Raynaldo and Lorraine Castro are entitled to at least the following legal damages as a result of the conduct of the Defendants:

a.    Loss of consortium, love, affection, companionship, society, support, counsel, guidance and contributions suffered, in the past, as a result of the death of their son;

b.   Loss of consortium, love, affection, society, support, counsel, guidance and contributions that, in reasonable probability, will be suffered in the future as a result of the death of their son;

c.   The grief, bereavement, emotional pain, mental anguish, torment and suffering experienced, in the past, because of the death of their son; and

d.   The grief, bereavement, emotional pain, mental anguish, torment and suffering, in reasonable probability, they will suffer in the future as a result of the death of their son.

Each of the foregoing items of damage are in excess of the minimum jurisdictional limits of the Court.

## VIII.

### Request for Production

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiffs hereby request that Defendants respond to the Request for Production, attached hereto as Exhibit "A", within fifty (50) days of service of this Request and Petition.

## IX.

### Jury Demand

Plaintiffs demand a trial by jury and have tendered the appropriate fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that citation and notice issue in accordance with the law; that Plaintiffs recover their actual damages; that Plaintiffs recover costs of this proceeding; that Plaintiffs recover prejudgment and postjudgment interest at the maximum rates and in the greatest amounts permissible under law; and that Plaintiffs have such other and further relief to which they may be justly entitled.

Respectfully submitted,

THOMAS C. HALL, P.C.


By:   /s/ Thomas C. Hall
      _____
      Thomas C. Hall
      110 Broadway, Suite 550
      San Antonio, TX 78205
      State Bar #: 08774550
      Facsimile: 210/222-1156
      Email: hall@tomhall-lawyer.com and
      rachelle@tomhall-lawyer.com
      Telephone: 210/222-2000
      **ATTORNEYS FOR PLAINTIFFS**

NO. _____

| | |
|---|---|
| RAYNALDO CASTRO AND<br>LORRAINE CASTRO, INDIVIDUALLY<br>AND ON BEHALF OF THE ESTATE OF<br>PAUL WAYNE CASTRO<br><br>VS.<br><br>THE GEO GROUP, INC.,<br>JOSEPH PAETZOLD AND<br>CHRISTOPHER MARTINEZ | IN THE DISTRICT COURT<br><br>_____ JUDICIAL DISTRICT<br><br><br><br>VAL VERDE COUNTY, TEXAS |

## REQUEST FOR PRODUCTION TO DEFENDANTS

TO:   DEFENDANTS, BY AND THROUGH THEIR ATTORNEYS OF RECORD.

Pursuant to the Texas Rules of Civil Procedure, Rule 196, Plaintiffs hereby serve this Request for Production upon the Defendants herein.   The party upon whom this Request for Production is served shall serve a written response as to each item within fifty (50) days after receipt of this Request for Production.  If Defendant feels as though any of the items sought to be produced are privileged, then this Request for Production would serve as a conditional request that such items be tendered to the Court within the time period set out in the Texas Rules of Civil Procedure for purposes of in camera inspection to determine the applicability of any such privilege.

As used herein "documents" shall mean the originals and all non-identical copies of the following items, which include, but are not limited to, matters which are printed, or recorded, or produced, by any mechanical process, or written or produced by hand, namely:  all correspondence, agreements, contracts, invoices, checks, check stubs, statements, receipts, communications, telegrams, memoranda, warranty agreements, purchase orders, design and manufacturer specifications, summaries or records of personal conversations or interviews, computations, reports, marginal comments appearing on any documents and any and all other writings and data compilations, regardless of their nature, including work papers, cost analyses, contractor bids, experts' reports and any written or printed reproduction however produced or reproduced including every copy which is a non-identical reproduction of the original, or any copy which contains any

EXHIBIT "A"

commentary, marginal comments or notations whatsoever that do not appear in the original.

As used herein "Person" means a natural persons, corporations, partnerships, proprietorships, unions, associations, and any and all entities.

If used herein "You" shall mean the party to whom these Questions or Requests are directed as well as any other persons acting for you.

You are required to produce any document or tangible thing requested herein that is within your possession, custody or control within fifty (50) days of the receipt of this Request.  Possession, custody or control includes constructive possession such that you need not have actual physical possession.  As long as you have a superior right to compel the production from a third-party (including an agency, authority or representative), you have possession, custody or control.

You are instructed that, in the event that you know that your response herein was incorrect or incomplete when made, or you know that the response thought correct and complete when made is no longer true and correct and the circumstances are such that failure to amend your response is in substance misleading, you must supplement your responses herein not less than thirty (30) days prior to the beginning of any trial herein.

Respectfully submitted,

THOMAS C. HALL, P.C.

By:  */s/ Thomas C. Hall*
_____
Thomas C. Hall
110 Broadway, Suite 550
San Antonio, TX  78205
State Bar #:  08774550
Facsimile:  210/222-1156
Email: hall@tomhall-lawyer.com and
rachelle@tomhall-lawyer.com
Telephone: 210/222-2000
**ATTORNEYS FOR PLAINTIFFS**

## Plaintiffs request that the following items be produced:

1.  The GEO Group, Inc.'s systemwide/corporate documents, and also Val Verde Correctional Facility specific documents, concerning suicide prevention policy and procedures (past, the one that was current during the time of the suicide, and most current, if any revisions).

**RESPONSE:**

2.  Job descriptions for health care, mental health care, and health care administrators at Val Verde Correctional Facility.

**RESPONSE:**

3.  Staffing ratios and occupied versus vacant/vacancies for correctional and health care staff at Val Verde Correctional Facility.

**RESPONSE:**

4.  Decedent, Paul Wayne Castro's, employment records, educational records (high school etc.), social security disability, psychiatric/substance treatment and medical records.

**RESPONSE:**

5.  Copy of autopsy/coroner's report of the Deceased.

**RESPONSE:**

6.  Documents showing who were the specific medical, nursing, mental health and psychiatric staff at the facility, how many dedicated positions and how much time were they onsite, how many hours/days per week, and whether there were any FTE (full time equivalent) positions or just part time/hourly rates.

**RESPONSE:**

7.   Copies of memorandum of understanding contracts with mental health and health care staff, in particular, the psychiatrist that saw Paul Wayne Castro via telepsychiatry.

**RESPONSE:**

8.   Copies of any contracts with any contractors/independent contractors, who performed mental health services to Paul Wayne Castro.

**RESPONSE:**

9.   Texas Jail Commission Report/findings of this suicide.

**RESPONSE:**

10.   Police reports pertaining to the death of Paul Wayne Castro.

**RESPONSE:**

11.   Administrative reports/reviews pertaining to this death.

**RESPONSE:**

12.   Staff interviews and findings pertaining to this death.

**RESPONSE:**

13.   Serious incident reviews of this case.

**RESPONSE:**

14.   Psychological autopsy pertaining to this death.

**RESPONSE:**

15.    Materials in the Decendent's cell.

**RESPONSE:**


16.    Copies of phone recordings of the Decedent.

**RESPONSE:**


17.    Visitation logs pertaining to the Decedent.

**RESPONSE:**


18.    Videotapes of the suicide event and the emergency response, with regard to the captioned case.

**RESPONSE:**

**FOR SHERIFF'S RETURN** CITATION PERSONAL SERVICE

THE STATE OF TEXAS:                        Cause No. 2020-0051-CIV

| | | |
|---|---|---|
| RAYNALDO CASTRO AND LORRAINE CASTRO, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF PAUL WAYNE CASTRO | § § § § | IN THE DISTRICT COURT |
| VS | § § § | 63RD JUDICIAL DISTRICT |
| THE GEO GROUP, INC., JOSEPH PAETZOLD AND CHRISTOPHER MARTINEZ | § § § | VAL VERDE COUNTY, TEXAS |

TO: JOSEPH PAETZOLD, VAL VERDE CORRECTIONAL FACILITY, 253 FM 2523 Hamilton Ln., Del Rio, Val Verde County, Texas 78840: Defendant - GREETINGS

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 63rd Judicial District Court of Val Verde County, at the Courthouse, 100 E. Broadway, 2nd Floor, in said County in Del Rio, Texas. Said Plaintiff's Original Petition was filed in said court on the 17th day of March, 2020 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Del Rio, Texas this 19th day of March, 2020.

| | |
|---|---|
| Attorney for Plaintiff (or Plaintiff): | Clerk of the Court: |
| Thomas C. Hall | JO ANN CERVANTES, DISTRICT CLERK |
| Thomas C. Hall, P.C. | 63rd & 83rd District Courts |
| 110 Broadway, Suite 550 | Val Verde County, Texas |
| San Antonio, Texas 78205 | P.O. Box 1544, Del Rio, Texas 78841-1544 |
| | By: _____ |
| | Deputy |

### OFFICER'S RETURN

Came to hand on the _____ day of _____ 2020 at _____ o'clock ___ M and executed by delivering to defendant _____ in person, a true copy of this citation with a copy of the petition attached thereto on the _____ day of _____ at _____ o'clock ___ M at _____ _____ in _____ County, Texas.

[ ] Not executed. The diligence use in finding defendant being _____

[ ] Information received as to the whereabouts of defendant being _____

Fees ........... $_____                        _____
Sheriff/Constable

Service I.D. No. _____          By: _____ County, Texas
                                              Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated; upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Val Verde County Courts to serve process.

Subscribed and sworn to before me on this the _____ day of _____ 2020.

_____, Notary Public

Filed 3/17/2020 1:50 PM
Jo Ann Cervantes, District Clerk
Val Verde County, Texas
Mary Ross

NO. _____ **2020-0051-CIV**

| | |
|---|---|
| RAYNALDO CASTRO AND LORRAINE CASTRO, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF PAUL WAYNE CASTRO | § IN THE DISTRICT COURT |
| | § |
| | § **63RD** JUDICIAL DISTRICT |
| VS. | § |
| | § |
| THE GEO GROUP, INC., JOSEPH PAETZOLD AND CHRISTOPHER MARTINEZ | § |
| | § VAL VERDE COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

### I.

NOW COME Plaintiffs Raynaldo Castro and Lorraine Castro, Individually and on Behalf of the Estate of Paul Wayne Castro ("Plaintiffs, hereinafter), complaining of Defendants, The GEO Group Inc. ("GEO" hereinafter), Joseph Paetzold and Christopher Martinez. It is anticipated that the discovery in this case will proceed pursuant to Level 3 of the Texas Rules of Civil Procedure, Rule 190.4.

### II.

Venue is appropriate in this court as all the events complained of herein took place in Val Verde County, Texas.

Defendant, The GEO Group, Inc, may be served with process by serving its registered agent, Corporate Creations Network, Inc., 5444 Westheimer # 1000, Houston, TX 77056, by private process.

Defendant, Joseph Paetzold, may be served with process at his place of employment, Val Verde Correctional Facility, 253 FM 2523 Hamilton Ln., Del Rio, TX 78840, by private process.

Defendant, Christopher Martinez, may be served with process at his place of employment, Val Verde Correctional Facility, 253 FM 2523 Hamilton Ln., Del Rio, TX 78840, by private process.

## III.

At all relevant times, Paul Wayne Castro was incarcerated at the Val Verde Correctional Facility operated by the Defendant The GEO Group, Inc.  Shortly after midnight, on March 11, 2019, Mr. Castro was found hanging in his jail cell, unresponsive. He was taken to Val Verde Regional Medical Center, where he was placed on life support, and subsequently died. Defendant Christopher Martinez was at all times warden of Val Verde Correctional Facility, and responsible for the training and supervision of employees.

## IV.

Plaintiffs would demonstrate that the Defendants acted under color of a statute, ordinance, regulation, custom or usage of the State of Texas or the United States of America.  Plaintiffs would demonstrate that the Decedent had a history of suicidal ideation and had previously attempted suicide, which was known to employees of the Defendant.  The Decedent specifically indicated to employees of the Defendant GEO shortly before his death, that he intended to hurt himself, and no precaution were put in place to address that possibility.  In addition, Plaintiffs would demonstrate that the Defendant GEO was negligent in failing to train its employees in addressing medical needs for suicidal detainees.

## V.

Plaintiffs bring this suit alleging negligence against the Defendants. Paul Wayne Castro  was in the care and custody of the Val Verde Correctional Facility, owned and operated by the Defendant, GEO. GEO had overall management of the

jail, and responsibility for the day to day operations. Paul Wayne Castro was found dead while supposedly being monitored by GEO and its personnel, and his death was caused by specific breaches of duty by Defendant GEO.  Specifically, an employee of GEO, Joseph Paetzold, noticed that the lens on the camera monitoring Castro was blurry, but did nothing to correct it.  Defendant Paetzold was uncertain if Castro was on suicide watch or not, an act of negligence unto itself, indicating negligent supervision, training and instruction.  He also noticed Castro standing on the toilet looking at the air vent, foreseeably suicide preparation.  An officer observed Castro in his cell with a sheet around his neck, clearly foreseeably suicide preparation.  Later, Castro was found hanging by a sheet around his neck.

## VI.

Plaintiffs herein would demonstrate that the Defendants were negligent in various regards, which negligence was a proximate cause of the occurrence in question, and Plaintiffs' injuries and damages in an amount in excess of the minimum jurisdiction of the Court, and in excess of $1,000,000.00 as follows:

a.    In failing to properly monitor Paul Wayne Castro;

b.    In failing to clean the lens in question; and

c.    In failing to timely intervene in Paul Wayne Castro's suicide attempt.

## VII.

This cause of actions is brought on behalf of the Plaintiffs, Raynaldo and Lorraine Castro, under Section 71.021 of the Texas Civil Practice and Remedies Code, more commonly referred to as the "Survival Statute," for the conscious physical pain and mental anguish suffered by the Decedent during the period of

time he lived following the accident; for the reasonable amount of expenses for the funeral and burial of Paul Wayne Castro; and for the loss of enjoyment of life which he would have had, except for the statutory violations and negligent conduct of Defendants herein.

This cause of action is also brought under Section 71.002 et. seq. of the Texas Civil Practice and Remedies Code, more commonly referred to as the "Wrongful Death Act" to recover on behalf of all of the statutory beneficiaries of Paul Wayne Castro as set forth in Section 71.004.

The Plaintiffs, on Behalf of the Estate of Paul Wayne Castro, are entitled to the following legal damages because of the death of Paul Wayne Castro:

    a.    Conscious pain and suffering experienced prior to his death;

    b.    Mental anguish experienced prior to his death;

    c.    Medical expenses; and

    d.    Funeral and burial expenses.

All of the above enumerated damages were proximately caused by the negligence of the Defendants and/or their servants, representatives, agents and/or employees, acting within the course and scope of their employment and/or agency. Based on the foregoing, all of the Plaintiffs plead for an amount of actual damages which the jury deems reasonable under the circumstances, which is in excess of the minimum jurisdictional limits of this Court.

Plaintiffs, Raynaldo and Lorraine Castro are entitled to at least the following legal damages as a result of the conduct of the Defendants:

    a.    Loss of consortium, love, affection, companionship, society, support, counsel, guidance and contributions suffered, in the past, as a result of the death of their son;

b.  Loss of consortium, love, affection, society, support, counsel, guidance and contributions that, in reasonable probability, will be suffered in the future as a result of the death of their son;

c.  The grief, bereavement, emotional pain, mental anguish, torment and suffering experienced, in the past, because of the death of their son; and

d.  The grief, bereavement, emotional pain, mental anguish, torment and suffering, in reasonable probability, they will suffer in the future as a result of the death of their son.

Each of the foregoing items of damage are in excess of the minimum jurisdictional limits of the Court.

## VIII.

### Request for Production

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiffs hereby request that Defendants respond to the Request for Production, attached hereto as Exhibit "A", within fifty (50) days of service of this Request and Petition.

## IX.

### Jury Demand

Plaintiffs demand a trial by jury and have tendered the appropriate fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that citation and notice issue in accordance with the law; that Plaintiffs recover their actual damages; that Plaintiffs recover costs of this proceeding; that Plaintiffs recover prejudgment and postjudgment interest at the maximum rates and in the greatest amounts permissible under law; and that Plaintiffs have such other and further relief to which they may be justly entitled.

Respectfully submitted,

THOMAS C. HALL, P.C.


By:  */s/ Thomas C. Hall*
Thomas C. Hall
110 Broadway, Suite 550
San Antonio, TX  78205
State Bar #:  08774550
Facsimile:  210/222-1156
Email: hall@tomhall-lawyer.com and
rachelle@tomhall-lawyer.com
Telephone: 210/222-2000
**ATTORNEYS FOR PLAINTIFFS**

NO. _____

| | | |
|---|---|---|
| RAYNALDO CASTRO AND<br>LORRAINE CASTRO, INDIVIDUALLY<br>AND ON BEHALF OF THE ESTATE OF<br>PAUL WAYNE CASTRO | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| THE GEO GROUP, INC.,<br>JOSEPH PAETZOLD AND<br>CHRISTOPHER MARTINEZ | § | VAL VERDE COUNTY, TEXAS |

## REQUEST FOR PRODUCTION TO DEFENDANTS

TO:   DEFENDANTS, BY AND THROUGH THEIR ATTORNEYS OF RECORD.

Pursuant to the Texas Rules of Civil Procedure, Rule 196, Plaintiffs hereby serve this Request for Production upon the Defendants herein.   The party upon whom this Request for Production is served shall serve a written response as to each item within fifty (50) days after receipt of this Request for Production.   If Defendant feels as though any of the items sought to be produced are privileged, then this Request for Production would serve as a conditional request that such items be tendered to the Court within the time period set out in the Texas Rules of Civil Procedure for purposes of in camera inspection to determine the applicability of any such privilege.

As used herein "documents" shall mean the originals and all non-identical copies of the following items, which include, but are not limited to, matters which are printed, or recorded, or produced, by any mechanical process, or written or produced by hand, namely:   all correspondence, agreements, contracts, invoices, checks, check stubs, statements, receipts, communications, telegrams, memoranda, warranty agreements, purchase orders, design and manufacturer specifications, summaries or records of personal conversations or interviews, computations, reports, marginal comments appearing on any documents and any and all other writings and data compilations, regardless of their nature, including work papers, cost analyses, contractor bids, experts' reports and any written or printed reproduction however produced or reproduced including every copy which is a non-identical reproduction of the original, or any copy which contains any

EXHIBIT "A"

commentary, marginal comments or notations whatsoever that do not appear in the original.

As used herein "Person" means a natural persons, corporations, partnerships, proprietorships, unions, associations, and any and all entities.

If used herein "You" shall mean the party to whom these Questions or Requests are directed as well as any other persons acting for you.

You are required to produce any document or tangible thing requested herein that is within your possession, custody or control within fifty (50) days of the receipt of this Request. Possession, custody or control includes constructive possession such that you need not have actual physical possession. As long as you have a superior right to compel the production from a third-party (including an agency, authority or representative), you have possession, custody or control.

You are instructed that, in the event that you know that your response herein was incorrect or incomplete when made, or you know that the response thought correct and complete when made is no longer true and correct and the circumstances are such that failure to amend your response is in substance misleading, you must supplement your responses herein not less than thirty (30) days prior to the beginning of any trial herein.

Respectfully submitted,

THOMAS C. HALL, P.C.

By: _____

*/s/ Thomas C. Hall*

Thomas C. Hall
110 Broadway, Suite 550
San Antonio, TX 78205
State Bar #: 08774550
Facsimile: 210/222-1156
Email: hall@tomhall-lawyer.com and
rachelle@tomhall-lawyer.com
Telephone: 210/222-2000
**ATTORNEYS FOR PLAINTIFFS**

## Plaintiffs request that the following items be produced:

1.   The GEO Group, Inc.'s systemwide/corporate documents, and also Val Verde Correctional Facility specific documents, concerning suicide prevention policy and procedures (past, the one that was current during the time of the suicide, and most current, if any revisions).

**RESPONSE:**

2.   Job descriptions for health care, mental health care, and health care administrators at Val Verde Correctional Facility.

**RESPONSE:**

3.   Staffing ratios and occupied versus vacant/vacancies for correctional and health care staff at Val Verde Correctional Facility.

**RESPONSE:**

4.   Decedent, Paul Wayne Castro's, employment records, educational records (high school etc.), social security disability, psychiatric/substance treatment and medical records.

**RESPONSE:**

5.   Copy of autopsy/coroner's report of the Deceased.

**RESPONSE:**

6.   Documents showing who were the specific medical, nursing, mental health and psychiatric staff at the facility, how many dedicated positions and how much time were they onsite, how many hours/days per week, and whether there were any FTE (full time equivalent) positions or just part time/hourly rates.

**RESPONSE:**

7.    Copies of memorandum of understanding contracts with mental health and health care staff, in particular, the psychiatrist that saw Paul Wayne Castro via telepsychiatry.

**RESPONSE:**


8.    Copies of any contracts with any contractors/independent contractors, who performed mental health services to Paul Wayne Castro.

**RESPONSE:**


9.    Texas Jail Commission Report/findings of this suicide.

**RESPONSE:**


10.   Police reports pertaining to the death of Paul Wayne Castro.

**RESPONSE:**


11.   Administrative reports/reviews pertaining to this death.

**RESPONSE:**


12.   Staff interviews and findings pertaining to this death.

**RESPONSE:**


13.   Serious incident reviews of this case.

**RESPONSE:**


14.   Psychological autopsy pertaining to this death.

**RESPONSE:**

15.     Materials in the Decendent's cell.

**RESPONSE:**


16.     Copies of phone recordings of the Decedent.

**RESPONSE:**


17.     Visitation logs pertaining to the Decedent.

**RESPONSE:**


18.     Videotapes of the suicide event and the emergency response, with regard to the captioned case.

**RESPONSE:**

No. 2020-0051-CIV

| | | |
|---|---|---|
| RAYNALDO CASTRO AND | § | IN THE DISTRICT COURT |
| LORRAINE CASTRO, | § | |
| INDIVIDUALLY AND ON BEHALF | § | |
| OF THE ESTATE OF PAUL WAYNE | § | |
| CASTRO | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | 63RD JUDICIAL DISTRICT |
| | § | |
| GEO REENTRY, INC., JOSEPH | § | |
| PAETZOLD AND CHRISTOPHER | § | |
| MARTINEZ | § | |
| *Defendants* | § | VAL VERDE COUNTY, TEXAS |

**ORIGINAL ANSWER OF THE GEO GROUP, INC., JOSEPH PAETZOLD,
AND CHRISTOPHER MARTINEZ**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants The GEO Group, Inc., Joseph Paetzold and Christopher Martinez and file this original answer to *Plaintiffs' Original Petition* and would show:

1.     For the express purpose of requiring Plaintiffs to meet their burden of proof, Defendants deny each and every allegation contained in *Plaintiffs' Original Petition*, except as admitted herein.

2.     Defendants admit the events giving rise to this action occurred in Val Verde County, and that the respective Defendants may be served as alleged in Paragraph II of *Plaintiffs' Original Petition*.

3.     Defendants admit Paul Wayne Castro, decedent, was at relevant times detained at the Val Verde Correctional Facility operated by GEO and that decedent was found, unresponsive, hanging in his cell about an hour before midnight on March 11, 2019, as

alleged in Paragraph III of *Plaintiffs' Original Petition*. Defendants admit decedent was transported from the facility for medical care and subsequently died. Defendants admit Defendant Martinez was at all times the facility's administrator and deny the balance of allegations in Paragraph III.

4.    Defendants Martinez and GEO admit they were aware decedent claimed a history of suicidal ideation including an attempted suicide in December 2018 as alleged in Paragraph IV of *Plaintiffs' Original Petition*. Defendants deny the balance of allegations in that paragraph and aver that the decedent had expressly and repeatedly disclaimed suicidal ideations and intent near the time in question.

5.    Defendants admit decedent was detained in the Val Verde Correctional Facility, which was operated by the GEO Group, Inc. which was responsible for managing and operating the facility as alleged in Paragraph V of *Plaintiffs' Original Petition*. Defendants admit Defendant Paetzold found that the image displayed by the video camera in decedent's cell was blurred, that he saw Castro standing on the toilet from time to time on the evening in question and that Castro was found hanging by a sheet around his neck, as alleged by Plaintiffs in Paragraph V. Defendants deny the balance of allegations in that paragraph.

6.    Defendants deny the matters alleged in Paragraph VI of *Plaintiffs' Original Petition*.

7.    Defendants deny Plaintiffs are entitled to recover as alleged in Paragraph VII of *Plaintiffs' Original Petition*. Defendants deny Plaintiffs are entitled to the statutory

causes or remedies pleaded in that paragraph. Defendants deny Plaintiffs have capacity to assert those causes and/or that they are among the class of persons entitled to the statutory remedies and demand strict proof to the contrary. Defendants deny Plaintiffs are entitled to the damages and categories of damages alleged in Paragraph VII. Defendants deny their conduct proximately caused the decedent's death or injury.

8.      Defendants plead that the Texas Wrongful Death Act requires the estate to bring suit on behalf of all statutory beneficiaries: there can be only one suit for wrongful death. Defendants deny Plaintiffs have capacity or authority to bring the causes they have pleaded and therefore demand strict proof of the identities and existence of any and all heirs and statutory wrongful death beneficiaries of the decedent, as well as proof of any Plaintiff's authority and capacity to represent the decedent's estate or prosecute a survival claim. Defendants pray that the case be abated until such time Plaintiffs show such authority.

9.      GEO asserts its right to rely on and inure to the qualified, good faith, or official immunity of its employees acting in the course and scope of their employment. GEO is entitled to governmental and/or sovereign immunity to the extent Plaintiffs' causes arose in the course of Defendants' fulfillment of a governmental function.

10.     Defendants deny they had any duty to Plaintiffs or decedent vis-à-vis the decedent's suicide attempt.

11.     Defendants did not cause decedent's suicide and plead the affirmative defense available to them under § 93.001 of the Texas Civil Practice & Remedies Code.

12.     Decedent's conduct was the proximate and producing cause of his death and of any injury to himself or to Plaintiffs; Defendants specifically invoke Texas's proportionate responsibility scheme as set forth in Chapter 33 of the Texas Civil Practice & Remedies Code. Defendants further assert the right to designate other parties who are responsible for any damages Plaintiffs allege or prove. Defendants request the finder of fact to compare the extent to which decedent, Plaintiffs, and any other persons, whether joined as parties in this suit or not, may have caused or contributed to cause any damages complained of by Plaintiffs.

13.     Defendants deny that any Plaintiff is entitled to any damages of any type, but in the alternative plead any and all limitations and caps on damages that may apply to Plaintiffs' causes of action. This assertion and pleading includes, but is not limited to, any and all caps, bars and limitations set forth under Tex. Civ.& Rem. Code §32.001-§32.003, §33.001-§33.004, §33.011-§33.017, §41.001-§41.013, §74.301-§74.303, §74.501-§74.507.

14.     Defendants deny that any Plaintiff is entitled to future damages. However, to the extent that any Plaintiff may recover future damages, Defendants assert that any such damages must be reduced to present value.

15.     Defendants deny that decedent's loss of earning capacity is a category of damages that may be recovered in a survival action.

16.     Defendants plead that any claim for economic loss (including but not limited to, loss of earnings, earning capacity, medical expenses, contributions of a pecuniary value,

inheritance, or other pecuniary losses) is governed by the limitations and provisions set forth in the Tex. Civ, Prac. & Rem. Code §18.091.

17.     Defendants plead that medical or healthcare expenses and all other economic damages are limited to the amounts actually paid or incurred pursuant to the Tex. Civ. Prac. & Rem. Code §41.0105.

18.     Plaintiffs are not entitled to exemplary damages. Defendants plead that punitive damages, if any, are constitutionally barred as to the parents of the decedent and are otherwise subject to limitations imposed by Tex. Civ. Prac. & Rem. Code Ch. 41. Defendants invoke the statutory limitations on exemplary damages in Tex. Civ. Prac. & Rem. Code, Chapters 41, 32, 33, 41, 74 and the corresponding limitations on exemplary damages applied in the federal courts.

19.     Defendants plead the applicability of the entirety of Chapter 41 of the Texas Civil Practice and Remedies Code to any award of punitive damages that might issue in this case, specifically including, but in no way limited by way of enumeration, to the standards of proof set forth therein, the requirement of the unanimity of the jury regarding finding liability and amount of damages, and the limitations on damages or caps set forth in Tex. Civ. Prac. & Rem. Code §41.008.

20.     Defendants Martinez and Paetzold aver they were acting in good faith and invoke qualified or official immunity to the full extent those immunities may apply.

21.    GEO denies it is liable for any injury or damage caused by its employee's acts or omissions for which its employee would be entitled to immunity, be it official, qualified, or known by any other name.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiffs take nothing by way of this suit, that the suit be abated until such time that Plaintiffs show that all statutory wrongful death beneficiaries have been joined, and that Defendants go hence and recover their costs in defense of this cause, and for such further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully Submitted,

/s/ Shawn Fitzpatrick
Shawn Fitzpatrick, TX Bar No. 00787474
FITZPATRICK & KOSANOVICH, P.C.
P.O. Box 831121
San Antonio, Texas 78283-1121
(210) 408-6793
*skf@fitzkoslaw.com*

Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served on the following interested person(s) on April 20, 2020, via this Court's electronic notice and filing system:

Thomas C. Hall
110 Broadway, Ste. 550
San Antonio, Texas 78205
hall@tomhall-lawyer.com

SHAWN FITZPATRICK